IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

HARRY F. BELL, JR.

    Plaintiff,

v.

    Civil Action No. 2:24-cv-00234

MORGAN & MORGAN COMPLEX
LITIGATION GROUP, PLLC

    Defendant.

## COMPLAINT

Plaintiff Harry F. Bell, Jr. ("Plaintiff") states as follows for his Complaint against Defendant Morgan & Morgan Complex Litigation Group, PLLC ("Defendant"):

### PARTIES AND JURISDICTION

1. Plaintiff Harry F. Bell, Jr. is an individual residing in Kanawha County, West Virginia.

2. Defendant Morgan & Morgan Complex Litigation Group, PLLC is a Florida professional limited liability company with a principal place of business in Orlando, Florida. Upon information and belief, no member of Defendant is domiciled in West Virginia.

3. This Court has subject matter jurisdiction because the parties are completely diverse and the amount in controversy well exceeds $75,000.

4. This Court has personal jurisdiction over Defendant because it operates in West Virginia, maintains a West Virginia office, has West Virginia employees, contracts with West Virginia attorneys, and represents West Virginia residents and local governments. The claims at issue arise from these contacts with the forum state.

5. Venue is proper in this district because (i) Defendant may be found in this district, (ii) the claim at issue arises from client services rendered in this district, (iii) the fees at issue were awarded in this district, and (iv) and the payments required under the parties' agreement were to be tendered in this district.

## OPERATIVE FACTS

6. Initially, Plaintiff and Troy Law Firm, PLLC agreed to jointly represent McDowell County in prosecuting its claims arising from the opioid epidemic. Given Plaintiff's past personal and professional relationship with one of Defendant's principals, Plaintiff contacted Defendant to include it in the group representation, which would expand to include additional clients over time.

7. The Chafin Law Firm, PLLC later reached out to Plaintiff, expressing interest in joining the group. After consulting amongst themselves, the existing group of three agreed to include The Chafin Law Firm, PLLC in the joint representations.

8. From there, Plaintiff, Defendant, Troy Law Firm, PLLC, and The Chafin Law Firm, PLLC (collectively, the "Group") jointly represented a host of local governments and healthcare facilities, prosecuting their respective claims against various opioid manufactures and distributors.

9.     Given their joint representations, Plaintiff and Defendant agreed amongst themselves that Defendant shall pay Plaintiff one-fourth of any contingent attorney's fees awarded to the Group. Upon information and belief, others in the Group had similar agreements with Defendant, which would assume the lead role in the group representations.

10.    After years of litigation, the parties to the West Virginia opioid litigation reached a global statewide settlement, amounting to a collective settlement of $940,386,000.

11.    From that gross settlement, the West Virginia Mass Litigation Panel created an attorney fee fund in the approximate amount of $141 million, which was apportioned three ways: $13 million for reimbursable expenses; $93 million for common benefit fees; and $35 million for local government contingent awards.

12.    From the $35 million contingent fee fund, the Group was awarded $6,306,133.60, which would be paid in three installments.

13.    The first installment, totaling $3,153,066.80, was paid to Defendant. Defendant, in turn, was supposed to apportion the proceeds amongst the Group pursuant to Defendant's intra-group fee sharing agreements. Until such time that the funds were distributed, the funds were to be held by Defendant in an interest-bearing account.

14.    The second and third installments, collectively totaling $3,153,066.80, have not yet been distributed. But, when those second and third installments are

distributed, Defendant is likewise obliged to apportion the proceeds amongst the Group pursuant to those same intra-group fee sharing agreements.

15. Pursuant to their agreement, Defendant shall pay Plaintiff $788,266.70 from the first installment, $394,133 from the second installment, and $394,133 from the third installment—or $1,576,533, collectively. This dispute concerns the division of the Group's contingent fee award; it does not encompass any dispute as to reimbursable expenses or common benefit awards.

16. Upon information and belief, pursuant to a separate agreement between Defendant and The Chafin Law Firm, Defendant paid The Chafin Law Firm its agreed-upon share of the first installment. Plaintiff expects that Defendant will likewise pay The Chafin Law Firm an agreed-upon share of the second and third installments once those are distributed.

17. Defendant, however, has failed to honor the separate agreement with Plaintiff, offering him instead a pittance of a referral fee. Rather than pay Plaintiff his one-fourth share of the three installments, Defendant offered Plaintiff a total referral fee of $250,000. Plaintiff declined that offer and requested an accounting of the funds, which Defendant continues to refuse.

18. Since then, Defendant has otherwise failed to pay Plaintiff his negotiated share of the first installment of the contingent fee award. And given that Defendant has refused to pay Plaintiff his negotiated share of the first installment, Plaintiff expects that Defendant will likewise refuse to pay him his negotiated share of the remaining installments once those become available for distribution.

## COUNT I – BREACH OF CONTRACT

19. Plaintiff incorporates by reference the allegations set forth above and adopts the same as though fully set forth herein.

20. Plaintiff and Defendant were parties to an oral fee sharing agreement, wherein Defendant agreed to pay Plaintiff a one-fourth negotiated share of any contingent fees awarded to the Group in the West Virginia opioid litigation.

21. Under that agreement, Plaintiff is entitled to $788,266.70 from the first installment of the contingent fee award.

22. Contrary to their agreement, Defendant has failed to pay Plaintiff the amounts due and owing from the first installment thereby causing injury to Plaintiff.

## COUNT II – DECLARATORY JUDGMENT

23. Plaintiff incorporate by reference all of the preceding paragraphs as if they were set forth fully herein.

24. There exists a substantial controversy of sufficient immediacy and reality to warrant issuance of a declaratory judgment as to the parties' respective rights concerning a division of the second and third installments of the contingent fee award.

25. Given Defendant's refusal to pay Plaintiff his negotiated share of the first installment of the fee award, it is reasonably certain that Defendant will likewise refuse to pay Plaintiff his share of the second and third installments when those become due.

26. Declaratory judgment is therefore proper to clarify Plaintiff's right to share in the second and third installments pursuant to the parties' agreement.

### COUNT III – UNJUST ENRICHMENT

27. Plaintiff incorporate by reference all of the preceding paragraphs as if they were set forth fully herein.

28. Defendant has unfairly usurped monies due to Plaintiff, such monies were not freely given to Defendant, and there was no legal justification for keeping them.

29. Defendant has therefore unjustly enriched itself at the expense of another, and the law imposes an obligation upon the unjustly enriched party—here, Defendant—to pay Plaintiff the value of that benefit.

30. Notwithstanding the parties' oral agreement, Plaintiff is entitled to—at a minimum—a referral fee of 25% of all contingent fee awards to the Group. Upon information and belief, 25% is both industry standard and informed by similar referral fees paid by Defendant and the greater Morgan & Morgan enterprise.

WHEREFORE, Plaintiff requests that this Court: (i) find that Defendant breached the oral agreement between Plaintiff and Defendant; (ii) find that Defendant is liable to Plaintiff pursuant to the terms of that agreement; (iii) award Plaintiff judgment against Defendant in the amount of $788,266.70; (iv) declare that Plaintiff is likewise entitled to another $788,266.70 once the second and third installments of the contingent fee award are available for distribution; and (v) award Plaintiff attorney's fees and pre- and post-judgment interest, as appropriate. Plaintiff

requests such other and further relief as this Court may deem just and proper under the circumstances.

**HARRY F. BELL, JR.**

By Counsel:

/s/ Andrew C. Robey
Andrew C. Robey (WVSB # 12806)
Michael B. Hissam (WVSB # 11526)
HISSAM FORMAN DONOVAN RITCHIE PLLC
P.O. Box 3983
Charleston, WV 25339
681-265-3802 office
304-982-8056 fax
arobey@hfdrlaw.com
mhissam@hfdrlaw.com