IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

HARRY F. BELL, JR.,

    Plaintiff,

v.                                               Civil Action No. 2:24-cv-00234

MORGAN & MORGAN COMPLEX
LITIGATION GROUP, PLLC,

    Defendant.

**<u>MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS</u>**

Plaintiff asks this Court to resolve a fee dispute, premised only on an alleged oral agreement. The dispute, however, arises out of complex state-court proceedings before the West Virginia Mass Litigation Panel ("MLP"). In those proceedings, the MLP expressly retained jurisdiction over disputes such as this one:

> [I]n the event of any settlement, attorneys' fees . . . must be approved by the Panel, which will retain jurisdiction to review and approve Plaintiffs' attorneys' fees after any judgment or settlement in any or all of the cases consolidated before the Panel.[1]

Plaintiff did not appeal or otherwise challenge any of the many MLP orders regarding attorney fees and the process for awarding them. Indeed, both Plaintiff and his alleged clients participated in and expressly consented to those procedures. Having effectively agreed to the MLP as the proper forum, which is an integral part of the MLP's fee order, he cannot forum shop in this court which should enforce the

---

[1] *In re: Opioid Litigation*, Civil Action No. 19-C-9000, Order Establishing Common Benefit Fee Fund, at 4 (Nov. 4, 2021) (Exhibit A).

agreement of the parties to consent to the MLP's resolution. Indeed, given that the agreement was part of the state court's judgment, this federal district court is barred by the *Rooker-Feldman* doctrine from obstructing the state court's enforcement of its judgment retaining jurisdiction. This Court should enforce the Plaintiff's agreement to vest the determination of attorney fees in the MLP as the exclusive forum. Alternatively, it should hold that the *Rooker-Feldman* doctrine defeats subject matter jurisdiction in this Court making dismissal under Fed. R. Civ. P. 12(b)(1) appropriate.

## STATEMENT OF FACTS

The fee dispute here arises out of the prescription opioid litigation, which has been characterized as the most complex litigation ever considered by the court system.[2] Recognizing the complexity of the litigation, the Chief Justice of the Supreme Court of Appeals of West Virginia consolidated more than 80 lawsuits before the MLP.[3]

Early on in the litigation, the MLP recognized the necessity for judicial control of the attorney fees arising out of the representation by private lawyers of public entities. In its first fee order, the MLP authorized the creation of a common benefit fund for attorney fees and appointed Judge Christopher Wilkes the fund's Special Commissioner.[4] Since the inception of the Common Benefit Fund, the MLP has

---

[2] *State ex rel. Amerisourcebergen Drug Corp. v. Moats*, 245 W. Va. 431, 455, 859 S.E.2d 374, 398 (2021)(Wooton, J., concurring in part and dissenting in part) (noting "majority concedes [that the opioid litigation] may well be the most complex in this State's history").

[3] *Moats*, 245 W. Va. at 436, 859 S.E.2d at 379 (2021).

[4] Exhibit A at ¶¶ 1,4.

retained exclusive jurisdiction over all matters regarding attorney fees in *In re: Opioid Litigation*. The language used was clear, all-encompassing, and consistent throughout the process. For example:

- "[A]ttorneys' fees . . . must be approved by the Panel, which will retain jurisdiction . . . in any or all of the cases consolidated before the Panel."[5]

- "[A]ll payments awarded to attorneys based upon consideration of contingency fee agreements shall be determined by the Common Benefit Fund Commissioner . . . [and] subject to review by the Panel for reasonableness."[6]

- "The Panel has express authority to determine the amount and distribution of attorneys' fees."[7]

- "Payment of all Attorneys' Fees . . . shall be awarded consistent with the orders of the Court and upon recommendation of Judge Christopher Wilkes."[8]

---

[5] *Id.*

[6] *Id.*

[7] *In re: Opioid Litigation,* Civil Action No. 19-C-9000, Common Benefit Fund Commissioner's Recommendations Regarding Attorney Fees and Expenses, at 11 (Sep. 21, 2023) (Exhibit B).

[8] *Id.* (citing Part D of the West Virginia First Memorandum of Understanding).

3

- "[T]he Panel has the equitable authority and responsibility to carefully monitor the settlement agreements and all related fee agreements to ensure they are fair to all potential stakeholders."[9]

Finally, the MLP's orders made clear that its jurisdiction was continuing.[10]

On November 4, 2021, the MLP ordered that "all payments awarded to attorneys based upon consideration of contingency fee agreements shall be determined by the Common Benefit Fund Commissioner using a fair and equitable process, with any award subject to review by the Panel for reasonableness based upon the factors recognized under applicable West Virginia law."[11]

All of the parties (including Plaintiff's supposed clients) and their attorneys (including the Plaintiff) agreed to the process which was ultimately adopted. For example, the West Virginia First Memorandum of Understanding ("WV First MOU") outlines the collaboration between the State and its political subdivisions and governs the allocation of opioid settlement funds.[12] With respect to attorney fees, the MOU provided:

> Payment of all Attorneys' Fees and Litigation Expenses shall be awarded consistent with the orders of the Court and upon

---

[9] *Id.* at 13.

[10] Exhibit A, at 4. ("that in the event of any settlement, attorneys' fees . . . must be approved by the Panel, which will retain jurisdiction to review and approve Plaintiffs' attorneys' fees after any judgment or settlement in any or all of the cases consolidated before the Panel.").

[11] *In re: Opioid Litigation,* Civil Action No. 19-C-9000, Order Establishing Common Benefit Fee Fund, at 4 (Nov. 4, 2021) (Exhibit C).

[12] West Virginia First Memorandum of Understanding (Exhibit E).

4

>recommendation of Judge Christopher Wilkes (WVMLP Special Master). Such award shall be final and non-appealable.[13]

All political subdivisions participating in the settlement signed the MOU, including McDowell County, which signed on March 23, 2022.[14] Plaintiff's complaint identifies McDowell County as one of the political subdivisions represented by Plaintiff and Defendant.[15]

Following trials and settlements the MLP and Commisioner Wilkes turned to the issue of attorney fees. Commissioner Wilkes set forth criteria required of submissions for attorneys' fees.[16] He acknowledged "[f]or the work of all attorneys to be fairly evaluated . . ., counsel must have an opportunity to present evidence" because "significant work [was] performed by counsel in some of the actions, [and] in other actions counsel have not engaged in any discovery or taken any active litigation steps."[17]

Plaintiff and Defendant, along with other counsel for city/county plaintiffs, filed a recommendation for allocation of attorney fees and reimbursement of litigation expenses. Plaintiff signed that filing personally.[18] That signed filing asked Commissioner Wilkes to recommend that "payment of *all* Attorneys' fees and

---

[13] Exhibit E at p. 8.

[14] *Id.* at 68.

[15] Bell Compl. at 2.

[16] *In re: Opioid Litigation,* Civil Action No. 19-C-9000, Order Regarding Attorney Fees (Jan. 7, 2022) (Exhibit D).

[17] *Id.* at 4.

[18] Counsel for City/County Plaintiffs' Agreement for Allocation of Attorney Fees and Reimbursement of Litigation Expenses, at 12 (Exhibit F).

Litigation Expenses shall be awarded consistent with the Orders of the Court and upon recommendation of Judge Christopher Wilkes."[19]

On September 21, 2023, Commissioner Wilkes submitted his recommendations regarding attorney fees and expenses to the MLP.[20] Commissioner Wilkes carefully outlined the history of the opioid litigation to date, the West Virginia First MOU, and the collaborative process concerning how to calculate attorneys' fees. He aimed to strike an equitable balance between common benefit fees and contingent fees, reasoning:

> [a]t bottom, . . . consideration needs to be given as to whether it is more fair and reasonable to allocate more attorney fees to the lawyers who took on most of the risk, performed most of the critical work, and enhanced the value for all in this historically complex and risky litigation, or to those attorneys who performed most of their work in pursuit of their contingency fee contracts for specific clients.[21]

Both Plaintiff and Defendant filed applications for common benefit fee awards. After reviewing their contributions, Commissioner Wilkes valued Plaintiff's contributions and awarded $25,000 and valued Defendant's contributions and awarded $500,000.[22] The recommendations applied to fees from the existing settlements, and the Commissioner recommended that the formulas and percentages

---

[19] *Id.* at 1. (emphasis added)

[20] *See* Exhibit B.

[21] *Id.* at 20.

[22] Exhibit B at p. 30.

set forth in the recommendation apply to "any future recoveries governed by the West Virginia First MOU."[23]

On October 9, 2023, the MLP approved Commissioner Wilkes' recommendations in full.[24] In so doing, the MLP found the recommendations regarding attorney fees and expenses are "well-reasoned, fair, and equitable."[25] Not once did Plaintiff object to the MLP's process regarding attorneys' fees. Plaintiff did not bring this dispute to either Commissioner Wilkes or the MLP. Nor did he take an appeal from any of the MLP's orders.

## ARGUMENT

### I. The West Virginia Mass Litigation Panel Retained Exclusive Jurisdiction Over Fee Disputes.

The MLP is the court best situated to adjudicate this fee dispute as the only court familiar with the comparative efforts of counsel throughout the litigation.[26] In "recognizing the need for a single unified process for awarding attorneys' fees and case costs[,]" the MLP established a process "that will apply across the entire [opioid] Mass Litigation."[27]

---

[23] *Id.* at 31.

[24] *In re: Opioid Litigation,* Civil Action No. 19-C-9000, Order Approving Common Benefit Fund Commissioner's Recommendations Regarding Attorney Fees And Expenses (Oct. 9, 2023) (Exhibit G).

[25] *Id.* at 1.

[26] *See In re Syngenta AG MIR 162 Corn Litig.*, 61 F.4th 1126, 1178 (10th Cir. 2023) ("An award of attorneys' fees is a matter uniquely within the discretion of the trial judge who has intimate knowledge of the efforts expended and the value of the services rendered.").

[27] *Id.* at 2–3.

Courts are "authorized to embody the settlement contract in its dismissal order (or, what has the same effect, retain jurisdiction over the settlement contract) if the parties agree.[28] Accordingly, the MLP's mandatory forum selection clause requires this Court dismiss Plaintiff's Complaint. [29]

A mandatory forum selection clause "contain[s] clear language stating that jurisdiction was only appropriate" in that forum.[30] Thus, where a forum selection clause states the dispute "shall be litigated in Orange County, Florida," it was mandatory because it left "no room for another forum to hear the case.[31]

Similarly, this Court considers context when deciding the enforceability of a forum selection clause. In *E&I Holdings, LLC*, this Court enforced a forum selection clause that was triggered if the contract was "breached in any manner" against all causes of action in the complaint not just the breach of contract claim. [32] That clause was "sufficient" to show intent to bring "any litigation resulting therefrom" in one, particular forum.[33] Importantly, this Court also found it relevant that "each of E&I's

---

[28] *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 381 (1994).

[29] *See Bar Codes Talk, Inc. v. GS1 US, Inc.*, 2010 U.S. Dist. LEXIS 116704, at *7 (M.D. Fl. Nov.2, 2010) (granting defendant's motion to dismiss because a state court retained exclusive jurisdiction over disputes under the settlement agreement).

[30] *Excell, Inc. v. Sterling Boiler & Mechanical, Inc.*, 106 F.3d 318 (10th Cir. 1997) ("Jurisdiction shall be in the state of Colorado").

[31] *E&I Holdings, LLC v. Bellmari Trading USA, Inc.*, 2018 U.S. Dist. LEXIS 199273, at *5 (S.D. W.Va. Nov. 26, 2018) (finding a forum selection clause that states the dispute "shall be litigated in Orange County, Florida" was mandatory because it left "no room for another forum to hear the case").

[32]

[33] 2018 U.S. Dist. LEXIS 199273, at *4-5.

8

claims relate to conduct occurring under the purview of the parties' contractual relationship and should be brought in the same forum as the underlying claim for breach of contract."[34]

Here, the Plaintiff and his clients all agreed that the MLP process was exclusive and that the MLP retained continuing jurisdiction to address attorney fee issues. This agreement constitutes consent to the MLP as the exclusive forum. Thus, this Court should find the MLP's forum selection clause is mandatory and exclusive and dismiss this case. [35]

> **II. This Court Cannot Obstruct the West Virginia Mass Litigation Panel From Enforcing Its Judgment Retaining Exclusive Jurisdiction.**

Under the *Rooker-Feldman* doctrine, federal district courts are precluded "from exercising what would be, in substance, appellate jurisdiction over final state-court judgments."[36] But this jurisdictional bar also applies to claims "inextricably intertwined" with a state court judgment.[37]

"Put another way, if 'in order to grant the federal plaintiff the relief sought, the federal court must determine that the [state] court judgment was erroneously

---

[34] *Id.* at 5.

[35] *Bar Codes Talk, Inc.,* 2010 U.S. Dist. LEXIS 116704, at *7.

[36] *Thana v. Bd. of License Comm'rs*, 827 F.3d 314, 319 (4th Cir. 2016).

[37] *Jordahl v. Democratic Party*, 122 F.3d 192, 199 (4th Cir. 1997) (quoting D.C. Court of Appeals v. Feldman, 460 U.S. 462, 486–487 (1983)).

9

entered or must take action that would render the judgment ineffectual,' *Rooker-Feldman* is implicated."[38]

Here, for this Court to even consider Plaintiff's claims, it must render the MLP's order retaining exclusive jurisdiction ineffectual. This Court cannot decide a fee dispute regarding the *In re: Opioid Litigation* without undermining the MLP's ordered prerogatives, including: the Panel's express authority to determine fees, pursuant to the West Virginia First MOU; approval of all fees shall come from the Panel, which will retain jurisdiction; payment of *all* attorneys' fees shall be consistent with the court's orders and the Commissioner's recommendation; and the Panel's establishment of a "single unified process." Thus, the November 4, 2021 Order Regarding Attorney Fees cannot stand, if this lawsuit moves forward.

Moreover, consolidating issues related to attorneys' fees is standard practice in class actions and other mass litigations.[39] Respecting these types of settlement orders, especially in the mass torts context, conveys practical benefits to clients, the parties, and the court. First-hand familiarity is central to a court's supervision of the attorney client relationship to ensure that attorneys' fees correlate to client recovery.[40]

---

[38] *Id.* at 202.

[39] *See In re Syngenta AG MIR 162 Corn Litig.*, 61 F.4th at 1153 (finding the district court clearly "intended that its fee award from the settlement fund cover all fees recovered by attorneys on contingent fee contracts relating to claims included in this settlement").

[40] *In re Syngenta AG MIR 162 Corn Litig.*, 61 F.4th at 1185.

This federal district court should not obstruct the effectuation of a state court's order. This Court simply lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine and should dismiss this complaint.

## CONCLUSION

This Court should dismiss Plaintiff's Complaint because this fee dispute falls under the exclusive jurisdiction of the West Virginia Mass Litigation Panel, Plaintiff consented to that exclusive jurisdiction, and this Court cannot obstruct enforcement of the state court's order retaining jurisdiction.

Respectfully submitted,

**Morgan & Morgan
Complex Litigation Group Practice, PLLC**
*By Counsel*

/s/ Anthony J. Majestro
Anthony J. Majestro (WVSB 5165)
Graham B. Platz (WVSB 14093)
POWELL & MAJESTRO PLLC
405 Capitol Street, Suite 807
Charleston, WV 25301
Tel: 304-346-2889
Fax: 304-346-2895
amajestro@powellmajestro.com
gplatz@powellmajestro.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the attorneys of record registered with the CM/ECF system.

/s/ Anthony J. Majestro
Anthony J. Majestro (WVSB 5165)